IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL ACTION NO. 2:08cr233-MHT |
| JEROME L. PHILLIPS | ) | (WO) |

OPINION AND ORDER

This cause is before the court on defendant Jerome L. Phillips's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for October 13, 2009, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Phillips in a speedy trial.

2

Phillips represents that additional time is necessary to conduct an adequate investigation and determine the proper plea and trial strategy. In support of this request, Phillips notes that the matter involves a large amount of discovery (over 400 pages of written discovery as well as separate electronic discovery), events in two counties, and events spanning over four years. Phillips states that counsel was only recently assigned to his case, on August 21, 2009, and discovered ten days later that the court intended to move jury selection and trial up to September 28, 2009, to avoid any Speedy Trial violation.

Accordingly, it is ORDERED as follows:

(1) Defendant Jerome L. Phillips's motion for continuance (doc. No. 13) is granted.

(2) The jury selection and trial are reset for October 26, 2009, at 10:00 a.m. in Courtroom 2FMJ of the

Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 1st day of September, 2009.

                                              <u>/s/ Myron H. Thompson</u>
                                      **UNITED STATES DISTRICT JUDGE**